**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**V.**  CASE NO. 2:05CR119

**KEITH GARDNER, ERIC TOWNSEND and
ANDRE WINFORD**

### ORDER

This cause comes before the court on the motion of defendant Eric Townsend [38-1] to suppress "evidence and/or statements" which he may have made following his arrest in this case for allegedly aiding and abetting Keith Gardner's attempt to possess with intent to distribute 5 kilograms of cocaine. In his motion, Townsend does not specify which "evidence and/or statements" he is referring to, and he seeks exclusion on very vague and non-specific grounds, arguing that:

> The aforementioned unlawful arrest of Defendant Townsend took place after an unlawful seizure and unlawful search of Defendant Townsend and the vehicle as at the time of the seizure there was no reasonable suspicion or probable cause to believe that Defendant Townsend had committed any criminal offense.

In his motion, Townsend fails to support his arguments with any specific facts which might enlighten this court as to the factual context of his arrest. In its response, the government does, in fact, set forth a discussion of the facts which, in the court's view, demonstrate that there was, in fact, probable cause to believe that Townsend had committed a criminal offense at the time of his arrest. Specifically, the government asserts that Townsend arrived at a meeting at a motel which informants had indicated would be the site of an illegal drug purchase transaction.

Townsend does not dispute the facts as stated in the government's response, indeed, he has

1

filed no reply whatsoever. In light of the foregoing, the court concludes that Townsend's motion to suppress is not well taken and should be denied. Likewise without merit is Townsend's motion to sever his trial from that of his sole remaining co-defendant Andre Winford. As with his motion to suppress, Townsend relies largely upon vague and conclusory arguments in support of his motion to sever, and the court concludes that he has failed to demonstrate that severance is appropriate, for essentially the reasons set forth in the government's response in opposition to severance.

It is therefore ordered that Townsend's motions to sever and suppress [37-1, 38-1] are denied.

This is the 28th day of February, 2006.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**